U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

JAN 27 2015

CLERK, U.S. DISTRICT COURT
By_____
Deputy

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ANDREW GONZALEZ <br> *Plaintiff.* <br> v. <br> MUTUAL MANAGEMENT <br> SERVICES COMPANY, L.L.C. <br> *Defendant.* | CIVIL ACTION NO. <br><br><br> TRIAL BY JURY DEMANDED |

## ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff Andrew Gonzalez complains of Mutual Management Services Company, L.L.C. Defendant, and for cause of action would respectfully show as follows:

## NATURE OF ACTION

1. This is an action for damages brought by individual, Plaintiff Andrew Gonzalez against Defendant Mutual Management Services Company, L.L.C. for violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227(b)(1)(A) and 47 U.S.C. § 227(b)(1)(A)(iii) and Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et al.

2. Plaintiff contends that the Defendant has violated such laws by calling Plaintiffs cellular telephone using an automatic telephone dialing system as defined by the Telephone Consumer Protection Act, 47 U.S.C. §227(a)(1) without express consent to do so. Defendant continued calling Plaintiff's cellular phone after Plaintiff requested to stop calling the cellular phone.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 47 U.S.C. §227(b)(3).

4. This Court has jurisdiction over Defendant pursuant to 28 U.S.C. §1391b because Defendant engages in business within this state, to wit debt collection.

5. Venue is proper pursuant to 28 U.S.C. §1391b and 47 U.S.C. §227(b)(3).

6. Venue in the Northern District of Texas, Fort Worth Division is proper in that the Plaintiff resides in State of Texas, Tarrant County, City of Fort Worth, the Defendant transacts business here, and the conduct complained of occurred here.

7. All conditions precedent to the bringing of this action, have been performed.

## PARTIES

8. The Plaintiff in this lawsuit is Andrew Gonzalez, a natural person and a citizen of Tarrant County, Texas.

9. Defendant in this lawsuit is Mutual Management Services Company, L.L.C. (herein after "Mutual Management") a debt collection company with principal office at 7177 Crimson Ridge Drive, Suite 10, Rockford, IL 61107.

10. Mutual Management may be served with process by serving its registered agent for service of process: Illinois Corporation Service, 801 Adlai Stevenson Drive, Springfield, IL 62703.

11. Mutual Management is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

12. Mutual Management is in the business of collecting consumer debts using the mails and telephone and regularly collects, or attempts to collect, consumer debts owed, or alleged to be owed, to another person.

## FACTUAL ALLEGATIONS

13. The telephone number (815) 516-6677 is assigned to a cellular telephone belonging to the Plaintiff Andrew Gonzalez.

14. On or about June 10, 2014, Mutual Management began calling the wireless cellular phone number (815) 516-6677 from telephone numbers (800) 478-5698 which is a number known to be used by Mutual Management in their debt collection operations.

15. **See Exhibit A**, Mutual Management called the cellular telephone number (815) 516-6677 on the following dates and times:

    1. June 10, 2014 at 10:29 a.m.
    2. June 12, 2014 at 10:29 a.m.
    3. June 16, 2014 at 04:49 p.m.
    4. June 17, 2014 at 04:42 p.m.
    5. June 18, 2014 at 04:59 p.m.
    6. June 19, 2014 at 01:09 p.m.
    7. June 23, 2014 at 04:22 p.m.
    8. June 25, 2014 at 04:30 p.m.
    9. June 26, 2014 at 04:05 p.m.
    10. June 30, 2014 at 03:56 p.m.

16. On June 18, 2014 at 04:59 p.m. and June 30, 2014 at 03:56 p.m., the call was answered and Mutual Management was informed to stop calling the cellular phone.

17. Refer to ¶15, on June 18, 2014 at 04:59 p.m. and June 30, 2014 at 03:56 p.m., Mutual Management failed to meaningfully disclose the purpose of the call and provide their identity. Mutual Management failure to meaningfully disclose the purpose of the call and provide their identity is a violation of 15 U.S.C. §1692d(6).

18. Refer to ¶15, Mutual Management used an automatic telephone dialing system to dial the wireless cellular phone (815) 516-6677 as defined by the Telephone Consumer Protection Act, 47 U.S.C. §227(a)(1).

19. Refer to ¶15, Mutual Management called the cellular phone (815) 516-6677 for a non-emergency purpose.

20. In the Alternative, Mutual Management used a telephone dialing system with the *capacity* to automatically dial the wireless cellular phone number (815) 516-6677.

21. Plaintiff has no prior or present established relationship with Mutual Management.

22. Plaintiff has no contractual obligation to pay Mutual Management any alleged consumer debt.

23. On June 26, 2014, Plaintiff sent a letter informing Mutual Management said actions were a violation of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227(b)(1)(A) and 47 U.S.C. § 227(b)(1)(A)(iii). This was in an effort to amicably resolve the matter prior to litigation.

24. All violations complained of herein occurred within the statute of limitations of the applicable federal statutes.

## COUNT I

### VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. §227(b)(1)(A) BY DEFENDANT
### MUTUAL MANAGEMENTSERVICES COMPANY, L.L.C.

25. Paragraphs 1 through 24 are re-alleged as though fully set forth herein.

26. Plaintiff and Mutual Management do not have an established business relationship within the meaning of 47 U.S.C. §227(a)(2).

27. Mutual Management called Plaintiff's cellular telephone using an "automatic telephone dialing system" within the meaning of 47 U.S.C. §227(a)(1).

28. 47 U.S.C. §227(b)(1)(A) which states in part;

   (b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT.—

      (1) PROHIBITIONS.—It shall be *unlawful for any person* within the United States, or any person outside the United States if the recipient is within the United States—

         *(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—*

29. In each telephone communication referenced in ¶15, Mutual Management has demonstrated willful or knowing non-compliance with 47 U.S.C. § 227 (b)(1)(A) by using an automatic telephone dialing system or used a telephone dialing system that has the *capacity* to automatically call the Plaintiff's cellular telephone number (815) 516-6677, which is assigned to a cellular telephone service *with no prior express consent* and for *no emergency purpose.*

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the Telephone Consumer Protection Act and/or admission from the Defendant(s) that they violated the Telephone Consumer Protection Act;

b) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C §227(b)(3)(B); which states in part: an action to recover for actual monetary loss form such a violation, or to receive $500 in damages for each such violation, whichever is greater.

c) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C §227(b)(3)(C); which states in part: If the Court finds that the Defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the Court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 (three) times the amount available under subparagraph (B) of this paragraph.

d) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

### VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. §227(b)(1)(A)(iii) BY DEFENDANT MUTUAL MANAGEMENT SERVICES COMPANY, L.L.C.

30. Plaintiff alleges and incorporates the information in paragraphs 1 through 29.

31. 47 U.S.C. §227(b)(1)(A)(iii) which states in part;

> (b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT.—
>
> > (1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
> >
> > > (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
> > >
> > > (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

32. In each telephone communication referenced in ¶15, Mutual Management has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A)(iii) by using equipment with automatic telephone dialing system or used a telephone dialing system that has the *capacity* to automatically call the Plaintiff's number (815) 516-6677, which is *assigned to a cellular telephone service.*

33. In the telephone communications referenced in ¶16, Mutual Management has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A)(iii) by using equipment with automatic telephone dialing system or used a telephone dialing system that has the capacity to automatically call the Plaintiff's cellular phone number (815) 516-6677, which the Plaintiff was charged for the telephone calls.

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

e) Adjudging that Defendant violated the Telephone Consumer Protection Act and/or admission from the Defendant(s) that they violated the Telephone Consumer Protection Act;

f) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C §227(b)(3)(B); which states in part: an action to recover for actual monetary loss form such a violation, or to receive $500 in damages for each such violation, whichever is greater.

g) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C §227(b)(3)(C); which states in part: If the Court finds that the Defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the Court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 (three) times the amount available under subparagraph (B) of this paragraph.

h) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692d(6) BY DEFENDANT MUTUAL MANAGEMENT SERVICES COMPANY, L.L.C.

34. Paragraphs 1 through 33 are re-alleged as though fully set forth herein.

35. Defendant aforementioned conduct violated the FDCPA.

36. In the telephone communications referenced in ¶16, Mutual Management called Plaintiff's cellular phone number (815) 516-6677 and failed to meaningfully disclose their identify and purpose of the phone call in violation of 15 U.S.C. § 1692d(6).

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the FDCPA and/or admission from the Defendant(s) that they violated the FDCPA;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C § 1692k.

c) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

d) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

e) Awarding such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby demands trial by jury.

Dated: January 27, 2015

Respectfully Submitted,

*/s/ Andrew Gonzalez*

Andrew Gonzalez
416 Chatamridge Court
Fort Worth, TX 76052
(817) 975-5655
gonandrew@yahoo.com





**EXHIBIT A**