IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| ANDREW GONZALEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:15-CV-063-A |
| | § | |
| MUTUAL MANAGEMENT SERVICES COMPANY, L.L.C., | § § | |
| | § | |
| Defendant. | § | |

### O R D E R

*This order* pertains to preparation of a status report and also *contains important directives that will govern procedures applicable throughout the pendency of this action. Read this order carefully*.

A.   The Joint Status Report Requirements

Counsel[1] are directed to confer for the purpose of submitting a Joint Status Report in this case. This conference shall be deemed to be a conference of the type contemplated by Rule 26(f) of the Federal Rules of Civil Procedure. The Joint Status Report shall be filed by 4:00 p.m. on April 22, 2015, and

---

[1] The term "counsel" as used herein includes pro se parties. For example, the term "plaintiff's counsel" means the plaintiff himself or herself if proceeding pro se.

shall address in separate paragraphs each of the following matters:

(1)  A brief statement of the nature of the case, including the contentions of the parties;

(2)  Any challenge to jurisdiction or venue;

(3)  Any pending motions (including the dates of filing of motions and responses), an estimate of time needed to file any contemplated motions and a description of anticipated motions;

(4)  Any matters which require a conference with the court;

(5)  Likelihood that other parties will be joined, identities of potential parties and an estimate of the time needed for joinder of such parties;

(6)  Requested trial date, estimated length of trial, and whether jury has been demanded;

(7)  A report concerning the settlement conference and related settlement matters as contemplated by this order;

(8)  A discovery plan as contemplated by Rule 26(f)(3) of the Federal Rules of Civil Procedure; and

(9)  Any other matters relevant to the status and disposition of this case.

Any differences between counsel as to the status of any of the above matters must be set forth in the report.

Plaintiff's counsel is responsible for initiating the status conference and for filing the Joint Status Report. All counsel must participate in the conference and shall sign the Joint Status Report.

B.  <u>Settlement Meeting Requirements (and Supplement to Joint Status Report Requirements)</u>

Prior to the filing of the Joint Status Report, the parties and their respective lead counsel shall meet face-to-face to discuss settlement of this action. Individual parties and their counsel shall participate in person, not by telephone or other remote means. All other parties shall participate by a representative or representatives, in addition to counsel, who shall have unlimited settlement authority, and who shall participate in person, not by telephone or other remote means. If a party has liability insurance coverage as to any claim made against the party in this action, a representative of each insurance company providing such coverage who has full authority to offer to pay policy limits in settlement shall be present at, and participate in, the settlement conference in person, not by telephone or other remote means. The court expects the parties to comply with the requirements of Rule LR 16.3(a) of the Local Civil Rules of this court ("Local Civil Rules") that the parties make a good faith effort to settle. The parties shall include in their Joint Status Report a report detailing the date on which the settlement conference was held, the persons who were present, including the capacity of any representative who was present, a statement regarding whether meaningful progress toward settlement

was made, and a statement regarding the prospects of settlement. Dollar amounts of offers and demands are not to be disclosed if the case is to be tried non-jury.

No process shall be served upon any person in attendance at any conference held pursuant to the requirements of this order.

Failure to timely submit the Joint Status Report or to cooperate in the preparation and the filing of the report or to participate as required in the settlement conference may result in the imposition of sanctions, including dismissal or entry of default without further notice. See Fed. R. Civ. P. 16(f).

C.  Timing of Rulings on Motions

The court reminds the parties that a response and brief to an opposed motion must be filed within twenty-one (21) days from the date the motion is filed, Local Civil Rule LR 7.1(e), and that a reply brief may be filed within fourteen (14) days from the date the response is filed, Local Civil Rule LR 7.1(f). Each motion shall be deemed to be ripe for ruling by the court at the end of such time period. If the court concludes that the motion should be granted, the court normally will not await a reply before ruling. On occasion, the court will, upon motion or sua sponte, order an expedited response or reply. As a general rule, motions will be ruled upon without hearing; however, hearings will be scheduled as appropriate.

D.  <u>Nature of Legal Representation Required and Document Signing Requirements</u>

All parties and attorneys in this action are reminded of the provisions of Fed. R. Civ. P. 11 and Local Civil Rules LR 7.1, LR 10.1, LR 83.7, LR 83.9, and LR 83.10. The rules do not contemplate that law firms are, or will be, admitted or authorized to practice before this court. Instead, the representation is to be provided by individual attorneys who qualify to practice before this court under the provisions of Local Civil Rules LR 83.7, LR 83.9, or LR 83.10. Nor do the rules contemplate that simulated signatures of attorneys of record can be used, instead of actual signatures, on pleadings, motions, etc.

The court ORDERS that from this point forward all parties to this action, and their counsel, shall strictly comply with the requirements of the above-mentioned rules unless otherwise directed by the court, and that, in the course of doing so:

> (1) Each attorney who participates in a conference contemplated by Local Civil Rule LR 7.1(a) shall be an attorney of record who is admitted to practice before this court pursuant to the provisions of Local Civil Rules LR 83.7, LR 83.9, or LR 83.10;

5

(2) Each certificate of service and certificate of conference shall be signed by either a <u>pro se</u> party or an attorney of record who is admitted or authorized to practice before this court pursuant to the provisions of Local Civil Rules LR 83.7, LR 83.9, or LR 83.10;

(3) A simulated signature of an attorney or party is unacceptable and will not be used;[2]

(4) None of the items filed with the papers in this action is to be signed by a law firm, as opposed to individual attorneys who are admitted or authorized to practice before this court pursuant to the provisions of Local Civil Rules LR 83.7, LR 83.9, or LR 83.10;[3]

(5) None of the items filed with the papers in this action is to be signed by an attorney who is not authorized to practice before this court pursuant to the provisions of Local Civil Rules LR 83.7, LR 83.9, or LR 83.10; and

(6) Each <u>pro se</u> party shall sign each item filed by him or her on his or her own behalf.

---

[2] Examples of a "simulated signature" are a fax or machine copy of a signature and a "signed by permission" signature.

[3] The United States Supreme Court has explained that in the federal practice a document filed with the court should be signed by the individual attorney, on his own behalf, and not on behalf of his firm. <u>LeFlore v. Marvel Entm't Grp.</u>, 493 U.S. 120, 126 (1989).

The court will consider ordering the denial of the relief sought by any item that has not been properly prepared, signed, and filed or the ordering that such an item be stricken from the record of this case.

E.   <u>Preparation for Filing of Evidentiary Items (Such as Appendices) and Similar Items</u>

The court further ORDERS that: Each evidentiary item, including any exhibits, filed in connection with any pleading or other paper, shall be clearly marked by the exhibit number or letter, or other designation if any, assigned to the item.  All such items shall be filed as attachments, or in a separate volume, bearing consecutive page numbers and appropriate index tabs so that the court can readily locate each item.  Each collection of evidentiary items shall have at the front a table of contents giving the description of each item in the collection and the tab and page number where the item can be found. Evidentiary items shall not be put together in such a fashion as to make them unwieldy.  An item or collection of items of more than fifty pages shall be spiral-bound on the side.  Counsel shall highlight, as appropriate, those portions of the items that are of particular pertinence.  Submission to the court of any collection of cases or other legal authorities will be handled in

a manner comparable to the foregoing directions relative to evidentiary items.

F. <u>Adoption of Statements in Pleadings</u>

Further, counsel are reminded that the federal rules contemplate <u>only</u> that statements in <u>pleadings</u> may be adopted by reference. Fed. R. Civ. P. 10(c). Attempted incorporation by reference of any other material may not be considered by the court.

G. <u>Requests for Sealing of Items Are Discouraged</u>

For the information of the parties, the court does not routinely make it a practice to allow documents to be filed under seal. <u>See</u> <u>Nixon v. Warner Communications, Inc.</u>, 435 U.S. 589, 597 (1978) (the public has a common-law right to inspect and copy judicial records); <u>SEC v. Van Waeyenberghe</u>, 990 F.2d 845, 848 (5th Cir. 1993) (the court's discretion to seal records is to be exercised charily); <u>Brown & Williamson Tobacco Corp. v. F.T.C.</u>, 710 F.2d 1165, 1177 (6th Cir.1983) (the First Amendment and the common law limit the court's discretion to seal records). <u>See, also</u>, <u>United States v. Holy Land Found. for Relief & Dev.</u>, 624 F.3d 685, 690 (5th Cir. 2010) ("Public confidence [in our judicial system] cannot long be maintained where important judicial decisions are made behind closed doors and then announced in conclusive terms to the public, with the record

supporting the court's decision sealed from public view."). The parties are, of course, free to enter into any agreement between them as to confidentiality of documents produced in discovery.[4] Any party desiring to file a specific document under seal should file a motion for leave to do so, accompanied by a memorandum giving with specificity (including a statement of all facts supporting such request and a citation and discussion of all legal authorities supporting the request) all reasons why there should be a sealing from public view of such document.[5] Further, all facts recited in any such memorandum must be verified by the oath or declaration of a person or persons having personal knowledge thereof. Cf. United States v. Edwards, 823 F.2d 111, 118 (5th Cir. 1987) (if closure of a presumptively open proceeding is to withstand a first amendment challenge, the court must make specific fact findings demonstrating that a substantial probability exists that an interest of a higher value will be

---

[4]The court is not inclined to involve itself in such an agreement of the parties. There is no reason why the parties cannot put any agreement into a legally enforceable document without causing the court to devote its time and attention to the matter. Rule 26(c) of the Federal Rules of Civil Procedure should not be used as a vehicle for converting an agreement of the parties into a court order. Therefore, the court does not anticipate that the parties will request it to review any discovery agreement they have reached.

[5]The movant should bear in mind that simply showing that disclosure of the information sought to be sealed would harm a party's reputation or its business is not sufficient to overcome the strong common law presumption in favor of public access. Brown & Williamson Tobacco Corp. v. F.T.C., 710 F.2d 1165, 1180 (6th Cir. 1983).

prejudiced and that no reasonable alternatives will adequately protect that interest).

*   *   *   *   *   *   *

Strict compliance with the terms of this order is required. Should any party or counsel fail to cooperate in doing anything required by this order to be done, such party or counsel or both will be subject to sanctions, including dismissal or entry of default without further notice.  See Fed. R. Civ. P. 16(f).

THE COURT SO ORDERS.

SIGNED March 23, 2015.

_____
JOHN McBRYDE
United States District Judge